```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
XAVIER WILLIAMS,

                Petitioner,                    MEMORANDUM AND ORDER

        - against -
                                               09 Civ. 2179 (NRB)
UNITED STATES OF AMERICA,                      00 Cr. 1008 (NRB)

                Respondent.
---------------------------------------X
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE
```

Petitioner Xavier Williams, pro se, moves pursuant to Fed. R. Civ. P. 60(b) for relief from this Court's decisions of June 26, 2012 and January 23, 2013. For the following reasons, the motion is denied.


## I. BACKGROUND

The procedural history of this case has been complicated by Williams' numerous post-conviction filings in this Court and appellate courts. The following aspects of the record are relevant to the instant motion.


## A.  Conviction, Sentence, and Direct Appeal

In 2005, Williams was tried by a jury and convicted of charges stemming from his participation in a violent criminal organization involved in narcotics trafficking, including

racketeering, conspiracy to murder, and conspiracy to distribute and possess with intent to distribute crack and cocaine. The Probation Office computed a Guidelines sentence of life imprisonment plus five years. (See Presentence Investigation Report, dated October 7, 2005 ("PSR"), at ¶¶ 107-108.) At the sentencing hearing, the Court found, on the basis of the testimony of multiple witnesses at trial, that Williams had distributed in excess of 150 kilograms of cocaine. (See Sentencing Transcript at 6:18-23.) Rejecting defense counsel's argument for a non-Guidelines sentence (see id. 8:1-6), the Court imposed the Guidelines sentence of life in prison plus five years (see id. 23:8-13; Judgment dated October 11, 2005, at 2).

On direct appeal, the Second Circuit affirmed Williams' conviction and sentence, and on February 19, 2008, the Supreme Court denied his petition for certiorari. See United States v. Williams, Nos. 05-6036, 05-6038, 05-6065, 2007 WL 3105760 (2d Cir. Oct. 23, 2007) (summary order), cert. denied, 552 U.S. 1223 (2008).

**B. Motion for Sentence Reduction**

On October 2, 2008, Williams moved pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in his sentence. In an unreported

November 24, 2008 Order (the "November 24 Decision," ECF No. 211 in 00 Cr. 1008), we denied the motion.

One of Williams' arguments in support of his motion was that the Court had erred in finding at the time of sentencing that the quantity of cocaine involved in his offenses had exceeded 150 kilograms.  We rejected this argument on procedural and substantive grounds.  Procedurally, we noted that "[d]efense counsel did not dispute the quantity of cocaine at issue during sentencing" and that "defendant's conviction and sentence were affirmed by the Second Circuit."  November 24 Decision at 2.  Substantively, we noted that "the testimony at trial supports the conclusion that [Williams] distributed in excess of 150 kilograms of cocaine."  Id. at 3.  In an unreported order, the Second Circuit summarily affirmed the denial of Williams' motion.  See United States v. Williams, No. 08-6115 (2d Cir. Dec. 9, 2009).


C.  Habeas Petition and Appeal

On March 9, 2009, Williams filed a habeas petition pursuant to 28 U.S.C. § 2255 (the "Original Petition," ECF No. 1).[1]  We denied the Original Petition, together with separate habeas

_____

[1]  Except as otherwise indicated, citations to documents filed by Electronic Case Filing ("ECF") refer to filings in the docket of Williams' habeas case, 09 Civ. 2179.)

petitions of two co-defendants, in a July 28, 2011 Memorandum and Order (the "July 28 Decision," ECF No. 34, available at 2011 WL 3296101).

In the Original Petition, Williams argued that he had been denied the effective assistance of counsel on numerous grounds, two of which are significant for present purposes. First, in Point I.A of the Original Petition, Williams asserted that his trial counsel "did not discuss plea bargaining with him or even attempt to negotiate a plea bargain with the government." (Original Petition at 6; see id. at 5-7.) The July 28 Decision rejected this claim on the merits, finding that it lacked credibility and was contradicted by affidavits of Williams' trial counsel and an Assistant United States attorney assigned to Williams' prosecution, each of whom consistently described the plea negotiations that were conducted. See July 28 Decision, slip op. at 8-15, 2011 WL 3296101, at *3-*6.

Second, in Point I.J of the Original Petition, Williams asserted that his counsel had been ineffective for failing to object to the amount of drugs in the presentence report or at the sentencing hearing, that the jury had failed to determine the amount of narcotics involved, that the trial witnesses as to drug quantity were not credible, and that Williams should be

4

resentenced accordingly.  (See Original Petition at 32-37.)[2]  The
July 28 Decision rejected this argument on both procedural and
substantive grounds.  Procedurally, we noted that Williams had
already unsuccessfully raised the issue of drug quantity on
direct appeal, in his motion for a sentence reduction, and in
his appeal from the denial of that motion, and that "[a]ll three
times his argument was rejected."  July 28 Decision, slip op. at
49-50, 2011 WL 3296101, at *18.  Substantively, we held that the
Court was authorized to make the factual finding as to the
amount of cocaine involved.  Id., slip op. at 50, 2011 WL
3296101, at *18.  We also concluded that Williams' counsel had
not provided ineffective assistance at sentencing by failing to
challenge the drug quantity finding, because counsel had made a
reasonable "strategic choice not to challenge certain Guidelines
calculations but to instead argue for a downward variance . . .
from the calculated term of life imprisonment."  Id.

        We declined to issue a certificate of appealability
("COA").  Id., slip op at 59, 2011 WL 3296101, at *21.
Nonetheless, Williams filed a notice of appeal and moved in the
Court of Appeals for a COA.  The Second Circuit issued an

---

[2]     Williams also argued that the "Court failed to make factual findings at
the sentencing hearing regarding the amount [of] narcotics involved"
(Original Petition at 32), but on the following page he acknowledged the
Court's finding that he distributed in excess of 150 kilograms of cocaine
(see id. at 33).

unreported order denying Williams' motion for a COA and dismissing his appeal, holding that Williams had failed to make a "substantial showing of the denial of a constitutional right." Williams v. United States, No. 11-4572 (2d Cir. Mar. 19, 2012). On June 19, 2012, the Second Circuit mandate issued to this Court. (ECF No. 42.)[3]

On August 21, 2012, Williams applied to the Supreme Court for an extension of time to file a petition for certiorari. (ECF No. 53, Ex. 2.) On October 5, 2012, after Justice Ginsburg granted the application for an extension, Williams timely filed a petition for certiorari. (Id.) On November 13, 2012, the Supreme Court denied the petition. See Williams v. United States, 133 S. Ct. 626 (2012).

**D. Attempts to Amend the Original Petition**

On June 12, 2012, Williams filed a document entitled "Petition for Leave to Amend His Section 2255 Motion" (the "June 12 Motion").[4] Williams' proposed amendment raised two claims. The first claim was that his counsel provided ineffective

---

[3]    An apparent cause of the delay in the Second Circuit mandate was the receipt by the Second Circuit of a motion from Williams (1) to withdraw his notice of appeal and application for a certificate of appealability; and (2) for panel rehearing and rehearing en banc.

[4]    The motion was the same as one that we previously denied on June 11, 2012, on the procedural ground that Williams' appeal remained pending before the Second Circuit.

assistance by failing to object to the drug quantity in the presentence report and at sentencing. The second, closely related, claim was that counsel provided ineffective assistance by failing to request a <u>Fatico</u> hearing to consider the credibility of the witnesses on whose trial testimony the factual finding concerning drug quantity was based. On June 26, 2012, we denied the June 12 Motion in a Memorandum and Order (the "June 26 Decision," ECF No. 43, available at 2012 WL 2497260). We concluded that the June 12 Motion was untimely, because, the Original Petition having been dismissed, the June 12 Motion could not relate back to the Original Petition. June 26 Decision, slip op. at 2, 2012 WL 2497260, at *1. Williams did not appeal from the June 26 Decision.

Instead, on July 23, 2012, Williams filed a motion (the "July 23 Motion") to alter or amend the June 26 Decision. Then, on October 5, 2012, while the July 23 Motion was pending, Williams filed a petition and memorandum of law (collectively, the "October 5 Petition," ECF Nos. 44-45) for leave to amend his habeas petition. On January 23, 2013, we addressed these submissions together in a Memorandum and Order (the "January 23 Decision," ECF No. 47, available at 2013 WL 239839).

The January 23 Decision first rejected the July 23 Motion, reaffirming the correctness of the June 26 Decision to deny the

7

June 12 Motion.  The January 23 Decision held that that the June 12 Motion's proposed amendment to the Original Petition was untimely because (1) the one-year period of limitation of the Antiterrorism and Effective Death Penalty Act of 1996, see 28 U.S.C. § 2255(f), had run out, and (2) the proposed amendment could not relate back to the date on which the Original Petition had been filed because the Original Petition had been dismissed. See January 23 Decision, slip op. at 4-5, 2013 WL 239839, at *2. We also held that the June 12 Motion was improper because a motion to amend a habeas petition is improper when the district court does not have that petition simultaneously before it.  See id., slip op. at 5-7, 2013 WL 239839, at *2-*3.  Finally, we concluded that if the June 12 Motion were construed as a new habeas petition, it would be improper both because it was time-barred under AEDPA and because it would constitute abuse of the writ.  See id., slip op. at 8-12, 2013 WL 239839, at *3-*4.

The June 26 Decision also addressed the October 5 Petition, in which Williams sought leave to amend his Original Petition to assert the sole new claim that "trial counsel was constitutionally ineffective for refusing to negotiate [Williams'] offer of 20 to 25 years with prosecutors." (October 5 Petition, ECF No. 45, at 3.)  Consistent with our previous rulings, we held that the October 5 Petition's proposed

8

amendment (1) was time-barred,[5] (2) did not relate back to the Original Petition, and (3) was improper because the Court never had the Original Petition and the proposed amendment simultaneously before it.  See January 23 Decision, slip op. at 12-15, 2013 WL 239839, at *5-*6.  We then construed the October 5 Petition as a new habeas petition but concluded that, so construed, it was "second or successive" within the meaning of AEDPA, see 28 U.S.C. § 2255(h), because the Original Petition had become final on September 17, 2012, when Williams' time to petition the Supreme Court had elapsed.[6]  See id., slip op. at 15-16, 2013 WL 239839, at *6.  Based on that conclusion, and finding it in the interest of justice, see 28 U.S.C. § 1631, we transferred the October 5 Petition to the Second Circuit to perform its gatekeeping role in connection with second and successive petitions.  See January 23 Decision, slip op. at 16, 2013 WL 239839, at *6.

On February 15, 2013, the Clerk of Court transferred the certified record of the case electronically to the Second

---

[5]    Notably, we rejected Williams' argument that the relevant limitations period had been restarted because Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012), announced a new rule of constitutional law.  See June 26 Decision, slip op. at 13, 2013 WL 239839, at *5.  The Second Circuit has since confirmed our conclusion that Lafler and Frye did not announce a new rule of constitutional law.  See Gallagher v. United States, 711 F.3d 315, 315 (2d Cir. 2013) (per curiam).

[6]    As discussed in Part II.C below, the factual premise for this conclusion was inaccurate because Williams' petition for certiorari was pending in the Supreme Court when the October 5 Petition was filed.

Circuit.  (See ECF minute entry dated Feb. 15, 2013.)  On April 5, 2013, in an unreported order, the Second Circuit ordered that the October 5 Petition would be denied unless Williams filed an application to file a second or successive habeas petition by April 26, 2013.  See Williams v. United States, No. 13-575 (2d Cir. Apr. 5, 2013).  There is no indication on the Second Circuit's docket that Williams responded or otherwise attempted to cure his default of this Second Circuit procedural requirement.  On July 3, 2013, a Second Circuit mandate denying the October 5 Petition issued to this Court.  (ECF No. 51.)

**E. The Instant Rule 60(b) Motion**

In the meantime, on March 15, 2013, Williams filed the instant motion (the "March 15 Motion," ECF No. 48) seeking relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure[7] from the June 26 and January 23 Decisions.  On October 8, 2013, the Government filed opposition papers (ECF No. 53), and on November 12, 2013, Williams filed a reply (Doc No. 295 in 00 Cr. 1008).

In addition, on March 21, 2013, Williams filed a notice of appeal from the June 26 and January 23 Decisions.  (ECF No. 49.)

---

[7]    Although the first sentence of the motion mistakenly cites Rule 60 of the Federal Rules of Criminal Procedure, which is a rule pertaining to "Victim's Rights," it is evident that Williams means to proceed under the civil rule.

The Second Circuit has stayed Williams' appeal pending this Court's resolution of the Rule 60(b) motion.  See Notice of Stay of Appeal, <u>Williams v. United States</u>, No. 13-1095 (2d Cir. Apr. 12, 2013).

## II.  DISCUSSION

In the March 15 Motion, Williams argues that he is entitled to relief under Fed. R. Civ. P. 60(b) from the June 26 and January 23 Decisions for two reasons.[8]  First, Williams argues that this Court should have <u>sua sponte</u> noticed plain error in the drug quantity on which his term of imprisonment was based, and should have, after correcting that supposedly plain error, resentenced him to a term of not more than twenty years' imprisonment.  Second, Williams argues that the January 23 Decision to treat the October 5 Petition as a second or successive habeas petition was erroneous because it rested on the false premise that the adjudication of the Original Petition was final when the October 5 Petition was filed.

---

[8]    As in our prior decisions, we construe Williams' <u>pro se</u> arguments liberally.

11

## A.  Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to order relief from a final judgment or order on "just terms" on the basis of:

(1)  mistake, inadvertence, surprise, or excusable neglect;
(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4)  the judgment is void;
(5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990), aff'd, 505 U.S. 115 (1991).

In the habeas context, "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004); see also Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); Rodriguez v. Mitchell, 252 F.3d 191, 198-99 (2d Cir. 2001).  If a purported

Rule 60(b) motion attacks the underlying criminal proceedings, a district court has two procedural options:  the court may "treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Second Circuit] for possible certification," or it may "simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'"  Harris, 367 F.3d at 82 (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002)).

## B.  Drug Quantity

Williams' argument that this Court erred in connection with our finding as to the quantity of cocaine involved in his sentencing has become very familiar to this Court, not to mention the Second Circuit and the Supreme Court.  For both procedural and substantive reasons, it fails yet again. Procedurally, the argument is an improper use of Rule 60(b) because, although in form it purports to challenge the integrity of the previous habeas proceeding, in substance and in desired relief it directly challenges Williams' sentence.  See James v. United States, 603 F. Supp. 2d 472, 482 (E.D.N.Y. 2009) ("[A]llegations of ineffective assistance of sentencing counsel

attack the underlying conviction rather than the integrity of the habeas petition.").[9]

Substantively, we yet again reaffirm our legal conclusion that, in determining sentence, "judges are not limited to considering the facts admitted by the defendant or found by the jury beyond a reasonable doubt but are instead obligated to make their own factual findings at sentencing using a preponderance standard." July 28 Decision, slip op. at 50, 2011 WL 3296101, at *18 (citing United States v. Vaughn, 430 F.3d 518, 526 (2d Cir. 2005)). Finally, we also reject this latest attempt by Williams to persuade us to reconsider our factual finding that the amount of cocaine involved in his offenses exceeded of 150 kilograms.

Because Williams has repeatedly raised and/or had the opportunity to raise this fact-bound claim (on direct appeal, in his motion for a sentence reduction, in his appeal from the denial of that motion, and in his Original Petition), and because the claim is not even arguably appropriate for consideration under the AEDPA standards governing second or successive petitions, see 28 U.S.C. § 2255(h), we decline to

---

[9]    This aspect of the March 15 Motion is also illogical. Although Williams argues that the Court should have "exercise[d] its discretion [to] notice plain error sua sponte," (March 15 Motion at 4), our July 28 Decision hardly overlooked the issue of drug quantity, but rather addressed it precisely because the Original Petition raised it as an issue. See July 28 Decision, slip op. at 49-50, 2011 WL 3296101, at *18.

construe the claim as a second or successive habeas petition and instead simply deny this aspect of the motion.  See Harris, 367 F.3d at 82.


## C.  Second or Successive Habeas Petition

Williams argues that, because the adjudication of Original Petition had not yet become final when he filed the October 5 Petition, we erred in transferring the October 5 Petition to the Second Circuit on the ground that it was second or successive. Although the factual premise of this argument is accurate, it does not justify relief.[10]

Under AEDPA, before a "second or successive" habeas petition is considered by the district court, a panel of the appropriate court of appeals must first perform a "gatekeeping" function to "ensure that the motion contains either (1) newly discovered evidence, or (2) a new rule of constitutional law that is retroactive to cases on collateral review."  Thai v. United States, 391 F.3d 491, 494 (2d Cir. 2004); see 28 U.S.C. § 2255(h).  However, a § 2255 petition is second or successive within the meaning of AEDPA only if, at the time of its filing, a prior habeas petition has been finally adjudicated on the

---

[10]    We note that Williams failed in his October 5 Petition to inform the Court that he had filed a petition for certiorari or, for that matter, filed an application for an extension of time to file such a petition.

merits.  See Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005); Villanueva v. United States, 346 F.3d 55, 60 (2d Cir. 2003).  In this context, adjudication becomes final once the "petitioner's opportunity to seek review in the Supreme Court has expired."  Whab, 408 F.3d at 120.

As the Government concedes, the conclusion of the January 23 Decision that the Original Petition became final on September 17, 2012, was incorrect.  Because Williams had received an extension of time to petition for certiorari, and subsequently filed a timely petition for certiorari that was not denied until November 13, 2012 (see ECF No. 53, Ex. 2), the adjudication of the Original Petition was not final when Williams filed the October 5 Petition.  Thus, our conclusion that the October 5 Petition was second or successive was erroneous.  However, revisiting that error does not permit relief from our order transferring the case to the Second Circuit.

As a preliminary matter, our jurisdiction to reconsider the order transferring the October 5 Petition to the Second Circuit after the transfer was effected is doubtful.  A proper order transferring an action to another court divests the transferor court of jurisdiction once the actual transfer takes place.  See In re Warrick, 70 F.3d 736, 739 (2d Cir. 1995); In re Nw. Airlines Corp., No. 07 Civ. 2677 (RWS), 2008 WL 4755377, at *3-

16

*4 (S.D.N.Y. Oct. 28, 2008); see also Fisher v. United Airlines, Inc., 218 F. Supp. 223, 224 (S.D.N.Y. 1963) (remand to state court). Thus, "[g]enerally, a decision transferring a case can only be reconsidered . . . if the petitioner acts 'prior to receipt of the action's papers by the clerk of the transferee court to file . . . a motion in the transferor court to stay the order." Emblaze Ltd. v. Apple Inc., No. 10 Civ. 5713 (PKC), 2011 WL 2419802, at *1 (S.D.N.Y. June 3, 2011) (brackets omitted) (quoting Warrick, 70 F.3d at 739). See also 15 Wright et al., Federal Practice and Procedure § 3846, at 90 (4th ed. 2013) ("When a motion for transfer . . . is granted and the papers are lodged with the clerk of the transferee court, the transferor court . . . lose[s] jurisdiction over the case and may not proceed further with regard to it.").

Accordingly, a party opposing the transfer of a case must preserve his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect. See Warrick, 70 F.3d at 739 (citing Drabik v. Murphy, 246 F.2d 408, 408-10 (2d Cir. 1957); Magnetic Eng'g & Mfg. Co. v. Dings Mfg. Co., 178 F.2d 866, 867-70 (2d Cir. 1950)); cf. Farrell v. Wyatt, 408 F.2d 662, 664 (2d Cir. 1969) ("Even where the issue is lack

17

of power, those attacking a transfer order should move swiftly for interim relief . . . ."). However, there is authority for the proposition that an exception exists where the clerk of the transferor court acted so "hastily" that there was no time to seek relief. <u>See</u> <u>Warrick</u>, 70 F.3d at 740 (citing <u>NBS Imaging Sys. v. U.S. Dist. Court for the E. Dist. of Cal.</u>, 841 F.2d 297, 298 (9th Cir. 1988)); <u>Emblaze</u>, 2011 WL 2419802, at *1.

Here, Williams failed to diligently oppose the transfer to the Second Circuit although he had ample opportunity. The docket of this case reveals that the Clerk of this Court did not transfer the October 5 Petition to the Court of Appeals until February 15, 2013, which was 23 days after our January 23 Decision ordered the transfer. (<u>See</u> ECF minute entry dated Feb. 15, 2013.) Williams' motion for reconsideration was not filed until March 15, 2013, nearly two months after the relevant order.[11] By failing to seek reconsideration of our January 23 Decision promptly, Williams effectively deprived this Court of a chance to reconsider our conclusion that the October 5 Petition should be transferred. <u>Cf.</u> <u>In re Robinson</u>, 198 F. App'x 71, 72-

---

[11]   The first page of the electronically filed copy of the March 15 Motion bears a handwritten notation, apparently by the office of the Clerk of this Court, that it was electronically filed on "2/15/13."  (ECF No. 48, at 1.) However, the same page is stamped "Received" by the Pro Se Office on March 15, 2013.  (<u>Id.</u>)  Williams himself dated the document March 10, 2013.  (<u>Id.</u> at 8.)  Thus, it is clear that the March 15 Motion was not filed in February, notwithstanding the inconsistent "2/15/13" notation.

73 (2d Cir. 2006) (summary order) (holding that a habeas petitioner was not entitled to writ of mandamus to vacate a transfer order where the petitioner had waited nearly two months before seeking relief).[12]

However, we are reluctant to rule categorically that we are without power to reconsider our transfer order for two reasons. First, there is support for the position that a district court may, at least if it is so instructed by a superior court, "request the transferee court to return the case." Warrick, 70 F.3d at 740 (quoting NBS Imaging Sys. v. U.S. Dist. Ct. for the E. Dist. of Cal., 841 F.2d 297, 298 (9th Cir. 1988)).  Second, the Second Circuit's decision to issue its April 5, 2013 order (which denied the October 5 Petition on the procedural ground that Williams had failed to file an application for permission to filed a second or successive petition) as a mandate to this Court on July 3, 2013, could arguably be construed as restoring this Court's jurisdiction.

However, we need not decide if we have jurisdiction to reconsider our transfer order because, even if we could exercise jurisdiction over the October 5 Petition, that petition would be

---

[12]    Moreover, Williams appears not to have informed the Second Circuit of his view that the October 5 Petition was not second or successive, even though the Second Circuit could have ordered that the Petition be retransferred to this Court.  See, e.g., Whab v. United States, 408 F.3d 116 (2d Cir. 2005) (transferring to the district court a habeas petition mistakenly filed in the Second Circuit as second or successive).

denied for now-familiar reasons.   First, the October 5 Petition is procedurally infirm.   Its claim is untimely under AEDPA's one-year statute of limitations, <u>see</u> 28 U.S.C. § 2255(f), which began to run on February 19, 2008, when the Supreme Court denied Williams' petition for certiorari on direct appeal.   <u>See</u> <u>Clay v. United States</u>, 537 U.S. 522, 527 (2003); <u>Rosa v. United States</u>, 785 F.3d 856, 859 (2015).   Its claim also does not relate back to the date on which the Original Petition was filed because the Original Petition had been dismissed and thus there was "no pleading to which to relate back." <u>Warren v. Garvin</u>, 219 F.3d 111, 114 (2d Cir. 2000).   Furthermore, under Second Circuit precedent, a district court should not entertain a motion to amend a habeas petition where, as here, the court does not have simultaneously before it both the original petition and the motion to amend.   <u>See</u> <u>Whab</u>, 408 F.3d at 119 (2d Cir. 2005).[13] Thus, as we concluded in the January 23 Decision, the October 5 Petition must be denied if construed as a motion to amend the Original Petition.

Moreover, as in the January 23 Decision, we find it appropriate to consider whether the October 5 Petition should be

---

[13]   We cited additional authorities for this rule in the January 23 Decision.   <u>See</u> January 23 Decision, slip op. at 5-6, 2013 WL 239839, at *2 (quoting <u>D'Amico v. Conway</u>, No. 04 Civ. 2253 (CS)(GAY), 2008 WL 5819622, at *2 (S.D.N.Y. Oct. 30, 2008); <u>Lynch v. Lord</u>, No. 01 Civ. 641 (VEB), 2008 WL 343085, at *5 n.4 (W.D.N.Y. Feb. 6, 2008); <u>Breeden v. Ercole</u> (RJD), No. 06 Civ. 3860, 2007 WL 3541184, at *1 (E.D.N.Y. Nov. 14, 2007)).

construed as though it were a new habeas petition.  However, we conclude that, if so construed, it would fail both because it is untimely under AEDPA's 1-year statute of limitations, see 28 U.S.C. § 2255(f), and because it would constitute "abuse of the writ" of habeas corpus.  As we held in the January 23 Decision in connection with the July 23 Motion:

> The Second Circuit has held that even when a habeas petition is not technically "second or successive" for purposes of the AEDPA, "[t]raditional doctrines, such as abuse of the writ, continue to apply." Hoffenberg[ v. United States], 333 F. App'x [625,] 629 [(2d Cir. 2009) (summary order)] (quoting Whab, 408 F.3d at 119 n.2) (internal quotation marks omitted).  A claim that "'was, or could have been, raised in an earlier petition' is generally considered an abuse of the writ."  [Hoffenberg, 333 F. App'x at 629] (quoting James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002)); see also Agoro v. United States, No. 11 Civ. 1818, 2011 WL 1330771, at *2 (S.D.N.Y. Apr. 4, 2011) ("The doctrine of abuse of the writ bars claims that could have been or were raised in an earlier habeas petition.").  An exception exists where the petitioner "is able to show cause for failing to raise the earlier claim (or seeking to raise the same claim twice) and any resulting prejudice." Agoro, 2011 WL 1330771, at *2. Finally, district courts "have the power to dismiss a habeas corpus petition sua sponte for abuse of the writ." Id. (citing Femia v. United States, 47 F.3d 519 (2d Cir. 1995)).

January 23 Decision, slip op. at 8-9, 2013 WL 239839, at *3.

Here, the sole claim raised in the October 5 Petition was that "trial counsel was constitutionally ineffective for refusing to negotiate [Williams'] offer of 20 to 25 years with prosecutors." (ECF No. 45, at 3.)  If this is not identical to

21

Williams' contention, in Point I.A of the Original Petition, that counsel failed to "negotiate a plea bargain" (Original Petition at 6), it surely overlaps substantially as both a factual and legal matter.  Indeed, in the October 5 Petition, Williams acknowledged that it was consistent with his claims "in his original section 2255 motion."   (ECF No. 45, at 4.) Accordingly, it is a claim that was, or could have been, raised in the Original Petition.  To the extent that the claim in the October 5 Petition differs from that raised in the Original Petition, Williams has not shown -- nor could he possibly show -- cause for his failure not to raise it in the Original Petition.  Furthermore, the factual premise of the claim was rejected on the merits in the July 28 Decision, which declined to credit Williams' contention that his trial counsel had failed to attempt to negotiate a plea bargain.  July 28 Decision, slip op. at 10-15, 2011 WL 3296101, at *4-*6.  Accordingly, as with the June 12 Motion, to the extent that the October 5 Petition was construed as a new habeas petition, it should have been denied as abuse of the writ.

In sum, because the October 5 Petition lacked merit either as a motion to amend the Original Petition or construed as a new habeas petition, the October 5 Petition should have been denied by this Court.  Because the Second Circuit has denied the

October 5 Petition, albeit on the ground of Williams' default, there is no cause to reconsider our decision to transfer the October 5 Petition to that court.

### CONCLUSION

For the foregoing reasons, Xavier Williams' Rule 60(b) motion is denied. This Memorandum and Order resolves Doc. No. 48 in 09 Civ. 2179.

**SO ORDERED.**

Dated:   New York, New York
         August 10, 2015

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

Janis M. Echenberg, Esq.
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

Xavier Williams
Reg. No. 02149-748
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

23